`

HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NEW TECHNOLOGY ADVANTAGE KEVIN DONAHUE - CEO,

Plaintiff,

v.

STEVE PETRUZELLI; WILLAMETTE DENTAL GROUP PC (UBI 601623838), ALSO DBA WILLAMETTE DENTAL GROUP OF WASHINGTON (UBI 601669127); STATE GOVERNMENT – CHRISTINE GREGIORE, WA; FEDERAL GOVERNMENT – GEORGE BUSH, JR.; PRESIDENT – AMERICAN DENTAL ASSOCIATION; PRESIDENT – AMERICAN MEDICAL ASSOC.; CITY GOVERNMENT – MAYOR MARK FOUTCH, ET AL.,

Defendants.

Case No. C07-5240 RBL

ORDER GRANTING OLYMPIA'S MOTION FOR SUMMARY JUDGMENT AND REMANDING THE CLAIMS AGAINST THE STATE DEFENDANTS

## I. INTRODUCTION

Pending before the court are the Motions for Summary Judgment by defendant Mayor of Olympia, Mark Foutch, and any other Olympia defendants ("Olympia Defendants), Dkt. #8, and by defendant Christine O. Gregoire and any other state employee defendants ("State Defendants"), Dkt. #9. The court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

Plaintiff apparently suffered an injury while receiving a routine dental filling at Willamette Dental in

April 2005. After efforts to resolve his complaints directly with Willamette were unsuccessful, Plaintiff brought an action in Thurston County Superior Court, Case No. 07-2-0015101, in early March 2007 against Willamette Dental and the Washington State Attorney General, Rob McKenna. The AG was apparently included as a defendant because Plaintiff sought to have the state conduct "full scale annual safety audits." The Thurston County judge dismissed all state employee defendants from that case on March 23, 2007.

Three days later, Plaintiff filed another lawsuit based on the same set of facts in the same court, Case No.07-2-00605-0, again suing Willamette, but this time naming Washington's governor, Christine Gregoire, instead of the AG. The second Thurston County suit also made several new allegations, including allegations against the City of Olympia and at least two of its officials (named as "Mayor Mark Foutch") and against the Federal Government (named as "George Bush, Jr."). The Federal Government promptly removed the case to this court.

The Olympia Defendants and the State Defendants moved for summary judgment, Dkt. Nos. 8, 9.

<u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990). Moreover, when "the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). *See also Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000) (holding that the requisite "showing" can be made by "pointing out through argument--the absence of evidence to support plaintiff's claim").

Plaintiff Mr. Donahue has appeared *pro se.* Courts in this Circuit have long held that, particularly where a *pro se* petitioner is facing dismissal, the court will construe his or her pleadings liberally. *See Balistreri v. Pacifica Police Dept*. 901 F.2d 696, 699 (9th Cir.1990); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) ("[W]e have an obligation where the petitioner is pro se... to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.") The court is aware of and has applied this rule of liberality.

Any claims by Plaintiff New Technology Advantage, Inc. (NTA) cannot be pursued *pro se*. All motions pertaining to NTA's claims are therefore stayed and will be addressed when and if Plaintiff NTA obtains counsel. The requirement that NTA obtain counsel is addressed in a separate order.

## II. DISCUSSION

### OLYMPIA DEFENDANTS

The Olympia Defendants moved for summary judgment, arguing that Plaintiff's claims must be dismissed because Plaintiff does not allege that any common law or statutory duties were violated by the

city, any of its employees, or any of its officials. Thus, there is no genuine issue as to any material fact. The court agrees and DISMISSES all claims of Plaintiff Kevin Donahue, *pro se*, against the Olympia Defendants.

The only allegations specifically levied against the Olympia Defendants are as follows:

> The city of Olympia (represented by Mark Fotcher [sic]) failed to act to record my criminal and civil complaints against Willamette Dental and then work with due diligence (A) professionally and thoroughly investigate my written criminal complaints against Willamette Dental, and (B) then prosecute them for criminal “attempted murder”. Olympia city police also failed to act and investigate “my civil complaints that Willamette does not have a valid operating license (incorporation) in Washington.

Plaintiff’s complaint also refers to the City of Olympia and the Police Chief, although Mark Foutch is the only Olympia official or employee named in the caption. However, Plaintiff’s allegations, no matter how liberally construed, cannot survive summary judgment.

At common law, there exists no claim for conducting a negligent law enforcement investigation. *Rodriguez v. Perez*, 99 Wn.App. 439, 443, 994 P.2d 874 (2000) *review denied*, 141 Wn.2d 1020 (2000); *citing*, *Chambers-Castanes v. King County*, 100 Wn.2d 275, 284, 669 P.2d 451 (1983)); *see also Fondren v. Klickitat County*, 79 Wn. App. 850, 862, 905 P.2d 928 (1995) (“A claim for negligent investigation is not cognizable under Washington law.”). Generally speaking, the duty of police officers to investigate crimes is a duty owed to the public at large and is therefore not a proper basis for an individual’s negligence claim.[1] *Rodriguez*, 99 Wn. App. at 443. Following the same rationale, no claim exists for failing to conduct a law enforcement investigation. Therefore, there is a complete absence of evidence to support Plaintiff’s allegations against the Olympia Defendants, and summary judgement is appropriately GRANTED as to the claims of Plaintiff Kevin Donahue, *pro se*. All of Plaintiff Kevin Donahue’s claims against the Olympia Defendants are dismissed with prejudice.

STATE DEFENDANTS

The State Defendants moved for summary judgment, making a number of arguments, including that they are immune from suit in Federal Court under the Eleventh Amendment.

The U.S. Supreme Court has repeatedly held that under the Eleventh Amendment, “an unconsenting

[1] RCW 26.44.050 requires a law enforcement agency or DSHS to investigate possible occurrences of child abuse or neglect, but Plaintiff’s allegations do not fall within this limited statutory exception.

State... is immune from suits by its own citizens." *Tennessee Student Assistance Corp. v. Hood,* 541 U.S. 440, 446, 124 S.Ct. 1905, 1909 (2004). Only two exceptions are recognized: a state may consent to suit against it in federal court or Congress may abrogate Eleventh Amendment immunity, but only in certain limited situations. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99, 104 S.Ct. 900, 907 (1984). The Eleventh Amendment also bars a suit against state officials when, as is the case here, the relief is sought only nominally against an officer and the sovereign is the real party in interest. *See id.* at 101. Similarly, under the "arm of the state" doctrine, a state agent or agency is immune from suit under the Eleventh Amendment because "the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials [or state entities] are nominal defendants." *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945); *see also Ronwin v. Shapiro*, 657 F.2d 1071, 1073 (9th Cir.1981).

The allegations made against the state and various state officials generally have the character of common law negligence claims. Because the state has not waived its immunity from suit in federal court for such claims, Plaintiffs cannot overcome the state's Eleventh Amendment immunity, and this court cannot hear Plaintiffs' claims against the state of Washington. Instead of granting the State Defendant's motion for summary judgment, however, it is appropriate in these circumstances to remand to state court all claims against the State Defendants made by Plaintiff Kevin Donahue and by Plaintiff New Technology Advantage, Inc. Remand is appropriate because neither Plaintiffs nor the State Defendants desired to be in federal court: Plaintiffs filed this action in state court, and as their motion for summary judgment notes, the State Defendants did not agree to remove this case to federal court. So, rather than dismissing these claims on the grounds that this forum, which was chosen by neither party, is not the correct forum, it is appropriate to remand these claims to the forum that both Plaintiffs and the State Defendants prefer.

**III. CONCLUSION**

For the reasons stated above, defendant Mark Foutch's Motion for Summary Judgment, Dkt. No. 8, is GRANTED as to the claims of Plaintiff Kevin Donahue, *pro se*. Defendant Mark Foutch's Motion for Summary Judgment, Dkt. No. 8, is STAYED as to the claims of Plaintiff NTA until NTA either obtains counsel or fails to do so and such claims are dismissed.

Defendant Christine Gregoire's Motion for Summary Judgment, Dkt. No. 9, is DENIED. All claims by both Plaintiffs against defendant Christine Gregoire and any other state employee or state agency defendants are REMANDED to Thurston County Superior Court.

It is so ORDERED.

The Clerk is directed to send a copy of this Order to plaintiff**.**

DATED this 25th of June, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE