UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NEW TECHNOLOGY ADVANTAGE, KEVIN DONAHOE-CEO, | Case No. C07-5240RBL |
| Plaintiff, | ORDER DENYING MOTIONS TO COMPEL |
| v. | |
| STEVE PETRUZELLI, WILLAMETTE DENTAL GROUP, PC, ET AL., | |
| Defendant(s). | |

 This matter comes before the Court on six motions by Plaintiff: MOTION to Compel QA for IDENTITIES and DOCUMENTS, Dkt. #25; Amended MOTION to Compel QA and Teamlike Cooperation, Dkt. #26; Emergency MOTION to Compel VALID PROOF of client consent to represent them, Dkt. 28; Emergency MOTION to Compel documentation of safety standards, Dkt. #32; Emergency MOTION to Compel ATG Faith Assessment For QA Reasons, Dkt. #35; and Proposed MOTION to Compel Criminal Court Sanctions On 3 Professional Attorneys, Dkt. #43.  The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

 In his motions, Plaintiff seeks a number of different things. For example, he demands that "fingerprints and DNA be submitted to the court for all alive human beings both plaintiffs and respondents so the judge knows with 100% accuracy WHO THE UNIQUELY IDENTIFIED PARTIES are in this case." Dkt. #25, lines 95-97. He also hurls invective at opposing counsel and challenges their standing to represent their clients, stating (with some accuracy) that "[a]n attorney can't just can pick your name out of

ORDER
Page - 1

the crack in their pants and then file a 'Notice Of Appearance' they are representing you without your prior full disclosure, knowledge, and formal written consent." Dkt. #25, lines 66-68.

Plaintiff also seeks documents related to the representation of the defendants by their counsel, including documentation of "Risk / Benefit analysis given to the client BY THE ATTORNEY so they don't do DUMB stuff...." Dkt. #28, page 2. Plaintiff also fears that unless the court compels "QA" and strikes all other pending motions, the attorneys for the defendants will "confuse the heck" out of the court. Dkt. #25, line 52.

Turning to the merits of Plaintiff's motions, Plaintiff has no legal basis to seek DNA samples and fingerprints from defendants or their attorneys, nor does Plaintiff have any basis to request privileged communications between defendants and their attorneys. Indeed, Plaintiff is not permitted to seek any discovery until the parties have conferred, pursuant to Fed. R. Civ. P. 26(d).

Plaintiff has also not identified and the court has not discovered a legal basis for any of his other demands, including that the attorneys for the various defendants be investigated or sanctioned for fraudulently representing their clients. Plaintiff is advised that the attorneys representing the defendants have all put in proper notices of appearance and that such notices of appearance are sufficient to satisfy the court that the defendants are properly represented. There is not a shred of evidence to suggest that any of the attorneys in this case have appeared fraudulently. Furthermore, any disputes regarding the defendants' representation would be matters to be resolved between the attorney and his or her client, and Plaintiff is not entitled to see documents relating to such representation. Even if there were a dispute, no cause of action would inhere in Plaintiff and no remedy would inure to his benefit.

Plaintiff has filed six completely meritless motions in the past ten days, motions that have needlessly consumed resources of the court and of the defendants. Plaintiff is advised that if he files further motions that are without any legal basis, the court will not hesitate to impose monetary or other sanctions.

Therefore, it is hereby

1  **ORDERED** that Plaintiff's motions, Dkt. Nos. 25, 26, 28, 32, 35, and 43 are DENIED.

2  The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any
3  party appearing *pro se* at said party's last known address.

4  DATED this 25th day of June, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE