HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NEW TECHNOLOGY ADVANTAGE KEVIN DONAHUE - CEO, <br><br> Plaintiff, <br><br> v. <br><br> STEVE PETRUZELLI; WILLAMETTE DENTAL GROUP PC (UBI 601623838), ALSO DBA WILLAMETTE DENTAL GROUP OF WASHINGTON (UBI 601669127); STATE GOVERNMENT – CHRISTINE GREGIORE, WA; FEDERAL GOVERNMENT – GEORGE BUSH, JR.; PRESIDENT – AMERICAN DENTAL ASSOCIATION; PRESIDENT – AMERICAN MEDICAL ASSOC.; CITY GOVERNMENT – MAYOR MARK FOUTCH, ET AL., <br><br> Defendants. | Case No. C07-5240  RBL <br><br> ORDER TO SHOW CAUSE |

Kevin Donahue filed the complaint in this case not only on his own behalf, but also on behalf of New Technology Advantage, Inc. (NTA), a Washington corporation, UBI  602123954. While Plaintiff Kevin Donahue may appear *pro se*, corporations appearing in court proceedings must be represented by an attorney. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201-203, 113 S.Ct. 716, 724 (1993). "Because corporations are artificial entities that can only act through their

ORDER
Page - 1

agents...corporations appearing in court proceedings must be represented by an attorney." *Lloyd Enterprises, Inc. v. Longview Plumbing & Heating Co., Inc.,* 91 Wash. App. 697, 701, 958 P.2d 1035, 1038 (1998). Although Mr. Donahue is an officer of NTA, he is not a lawyer, and he can therefore not represent another legal person (specifically, NTA) in court. In addition, Fed. R. Civ. P. 11 requires that every pleading of a party represented by another must be signed by an attorney, a condition with which none of Plaintiff NTA's pleadings have complied.

It is also not clear that NTA has suffered any cognizable harm from the facts described in the complaint. On the facts alleged, Plaintiff Mr. Donahue appears to state valid claims for malpractice, negligence, or personal injury against defendant Willamette Dental Group.[1] However, the facts alleged do not appear to give rise to any claims on behalf of Plaintiff NTA.

Plaintiff NTA is therefore directed to **SHOW CAUSE IN WRITING** within **7 DAYS** of the date of this order why the court should not dismiss without prejudice NTA's claims that remain in this court.[2] Plaintiff NTA can show such cause by procuring the services of a lawyer to (1) put in a notice of appearance to show that the corporation has proper representation; (2) bring the corporation's pleadings into compliance with Fed. R. Civ. P. 11's signing requirements; and (3) explain how the allegations in the complaint give rise to any claims on behalf of the corporation.

The Clerk is directed to send a copy of this Order to plaintiff**.**

DATED this 25th day of June, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[1] For reasons set out in the numerous motions for summary judgment in this case, Plaintiff's remaining claims, such as those for copyright infringement of the word "Ethics", negligent investigation of Plaintiff's claims that his dentist attempted to murder him, failure of state and federal governments to adopt his worldwide methodology for "Ethics," et al., appear to have so little merit as to be frivolous. While courts should treat *pro se* complaints with liberality or even leniency, if Plaintiff continues to bring claims that are wholly devoid of legal merit, he faces a significant risk of facing sanctions and/or the responsibility to pay the reasonable expenses incurred by parties opposing his complaints and motions.

[2] By separate order, NTA's claims against the State Defendants have been remanded to state court.