UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NEW TECHNOLOGY ADVANTAGE, KEVIN DONAHOE-CEO, <br><br> Plaintiff, <br><br> v. <br><br> STEVE PETRUZELLI, WILLAMETTE DENTAL GROUP, PC, ET AL., <br><br> Defendant(s). | Case No. C07-5240RBL <br><br> ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT AND TO DISMISS |

## I. INTRODUCTION

Pending before the court are the Motion for Summary Judgment by Defendants Steve Petruzelli and Willamette Dental Group PC (Willamette), Dkt. #12, and Motions to Dismiss by Defendant American Medical Association (AMA), Dkt. #15, Defendant "Federal Government-George Bush Jr." (Federal Government), Dkt. #16, and Defendant American Dental Association (ADA), Dkt. #18. The court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

Plaintiff apparently suffered an injury while receiving a routine dental filling at Willamette Dental in April 2005. After efforts to resolve his complaints directly with Willamette were unsuccessful, Plaintiff brought an action in Thurston County Superior Court, Case No. 07-2-00151-1, on January 24, 2007 against Willamette and a number of other defendants. On June 1, 2007, the Thurston County judge granted Willamette's Motion for Summary Judgment and dismissed all claims against Willamette *with prejudice*.

On March 26, 2007, Plaintiff filed another virtually identical lawsuit in Thurston County Superior

ORDER
Page - 1

Court, Case No. 07-2-00605-0, again suing Willamette for medical malpractice, but this time making a number of derivative claims against several additional defendants, including the Federal Government, the AMA, and the ADA. Essentially, Plaintiff alleges that but for the Federal Government's failure to provide effective leadership, he would not have suffered harm through Willamette's negligence. He also claims that the ADA and the AMA committed copyright "violations" related to copyrights in "Ethics" and "standard of patient care" that he purports to hold.

After the Federal Government removed the case to this court pursuant to 28 U.S.C. §§ 1442(a) and 1446, Willamette moved for Summary Judgment, Dkt. #12, and the Federal Government, the AMA, and the ADA moved to Dismiss, Dkt. #s 15, 16, and 18.

Plaintiff Mr. Donahoe has appeared *pro se.* Courts in this Circuit have long held that, particularly where a pro se petitioner is facing dismissal, the court will construe his or her pleadings liberally. *See Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990); *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) ("[W]e have an obligation where the petitioner is pro se... to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.") The court is aware of and has applied this rule of liberality.

## II. DISCUSSION

### WILLAMETTE

Willamette moved for summary judgment, arguing that Plaintiff's claims must be dismissed on a number of bases, including that the doctrine of issue preclusion bar's Mr. Donahoe's claims against Willamette. Willamette argues that Mr. Donahue cannot relitigate in this case his claims against Willamette because those issues were previously, validly, and finally determined when the Thurston County Superior Court dismissed with prejudice the malpractice claims that Mr. Donahoe brought against Willamette in his first lawsuit.

The issue preclusion doctrine (sometimes referred to as collateral estoppel) is expressed in the Restatement (Second) of Judgments § 27 as follows:

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

This federal court must give to the Thurston County Superior Court judgment the same preclusive effect as Washington law would give to that judgment. *See Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 80-81 (1984); *Allen v. McCurry,* 449 U.S. 90, 96 (1980) ("Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.…").

Before this court can grant Willamette's motion to dismiss on this basis, Willamette must show four elements:

> (1) the issue decided in the prior adjudication is identical with the one presented in the second action;
> (2) the prior adjudication must have ended in a final judgment on the merits;
> (3) the party against whom the plea is asserted was a party or in privity with the party to the prior adjudication; and
> (4) application of the doctrine does not work an injustice.

*See Thompson v. State, Dept. of Licensing*, 138 Wash. 2d 783, 790, 982 P.2d 601, 605 (1999).

Willamette has shown each element. First, Plaintiff's claim against Willamette is virtually identical to his claim in the first suit. Second, the first suit was dismissed with prejudice upon Willamette's Motion for Summary Judgment and was thus adjudicated on the merits. *Cf.* Restatement (Second) of Judgments § 20 cmt. d. (1982) (In discussing the closely related doctrine of claim preclusion, equating a dismissal "with prejudice" with an adjudication "on the merits."). Third, the same Plaintiff acting in the same capacity brought both suits. Fourth, applying the doctrine of issue preclusion will not work an injustice because Plaintiff has already had a full and fair opportunity to pursue his claims against Willamette in Thurston County. Applying the doctrine of issue preclusion will do no more than acknowledge that Plaintiff has already had his day in court and that he may not continue to compel Willamette to needlessly defend against claims that have already been finally adjudicated.

Accordingly, Willamette's Motion for Summary Judgment is GRANTED and all claims against Defendants Steve Petruzelli and Willamette Dental Group PC are hereby DISMISSED.

## FEDERAL GOVERNMENT

The Federal Government moved to dismiss, arguing that Plaintiff's claims either are barred by sovereign immunity or are barred because Plaintiff failed to comply with the jurisdictional requirements of

the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1), 2670, *et al.*

Beginning with the claims that are barred by sovereign immunity, it is well established that a party may bring an action against the United States only to the extent that the government waives its sovereign immunity. *See United States v. Orleans,* 425 U.S. 807, 814 (1976). The FTCA waives the government's sovereign immunity for certain tort claims. *Brady v. U.S.,* 211 F.3d 499, 502 (9th Cir. 2000). However, 28 U.S.C. § 2680(a) provides that sovereign immunity is not waived for

> any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion is abused.

Plaintiff alleges that "George Bush (President) failed to 'implement a JOINT Executive Order in a cooperative effort' requiring all healthcare workers in the Washington State and the United States to follow a single, consistent, large group worldwide methodology for 'Patient Safety' and 'Ethics' to foster and promote minimizing needless injury and death of human beings." Complaint, pp. 16-17. More specifically, Plaintiff complains that President Bush has not issued an executive order "to implement [Plaintiff's] BRAND of Ethics and Patient Safety all across Washington and the United States.…" Complaint, p.17. To the extent that Plaintiff complains that the Federal Government failed to follow the law or negligently executed the law, then the government is immune under the first prong of Section 2680(a), which bars claims based on an act or omission of a government employee in the execution of a statute or regulation. Similarly, regarding Plaintiff's complaint that the President failed to issue an executive order, the government is immune under the "discretionary function" prong of Section 2680(a).

Plaintiff's Complaint also alleges claims in tort against the Federal Government for which the government has waived sovereign immunity. For example, Plaintiff alleges that his "healthcare disaster" could have been avoided if Federal Defendant and others had exhibited "better government leadership." Complaint, p. 2. As such, plaintiff's remedy against Federal Defendant is the FTCA, which makes the United States, and not individual Federal employees, the properly named defendant. Individual Federal employees, when acting within the scope of their employment, are immune from suit. See 28 U.S.C. § 2679.

Plaintiff cannot sustain his complaint against the Federal Government because he failed to comply

ORDER
Page - 4

with the requirements set by the FTCA. As a jurisdictional requirement of the FTCA, a claimant must first exhaust his administrative remedies before pursuing an action in court. *See* 28 U.S.C. § 2675(a). "Because the requirement is jurisdictional, it 'must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.'" *Brady,* 211 F.3d at 502 (quoting *Jerves v. United States,* 966 F.2d 517, 521 (9th Cir. 1992)).

There is no evidence that Plaintiff presented his claim to any federal agency. Moreover, Plaintiff has not plead compliance with the FTCA in his complaint. Generally speaking, in such circumstances, "before a district court may dismiss a pro se complaint... the court must provide the pro se litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). However, "[a] district court does not err in denying leave to amend where the amendment would be futile, or where the amended complaint would be subject to dismissal." *Saul v. U.S.,* 928 F.2d 829, 843 (9th Cir. 1991) (internal citations omitted).

In this case, allowing Plaintiff to amend his complaint would be futile because no amendment could overcome the Federal Government's immunity provided for in Section 2680(a). As to those claims not covered by Section 2680(a), amendment would be futile because those claims are secondary to or derivative of the dental malpractice claims against Willamette. As noted above, Plaintiff alleges that his "healthcare disaster" could have been avoided if Federal Defendant and others had exhibited "better government leadership." Complaint, p. 2. Plaintiff's theory seems to be that a failure of leadership by the government somehow caused Willamette to negligently treat Plaintiff, causing him harm.

Assuming for the sake of argument that the government has a duty to provide non-negligent leadership, and further assuming that any such duty is owed to individual citizens (as opposed to the public at large), it follows from Plaintiff's theory that if Willamette did not violate its duty of care towards Plaintiff, then there was no need for the Federal Government to have exhibited better leadership. Put another way, if Willamette's negligence did not harm Plaintiff, then there is nothing that better government leadership could have avoided. Without harm caused by Willamette's negligence, Plaintiff has absolutely no basis on which to allege that the Federal Government violated any duty towards him.

As ordered above, Plaintiff's dental malpractice claims in this suit have been dismissed because in

his first suit, the Thurston County Superior Court considered Plaintiff's virtually identical claims against Willamette and dismissed those claims, with prejudice, on the merits. It therefore cannot be said that as a matter of law, Willamette violated its duty of care towards Plaintiff. Accordingly, Plaintiff has no basis for a tort claim against the Federal Government, and Plaintiff's claims against the Federal Government and President Bush must be DISMISSED with prejudice.

## AMERICAN DENTAL ASSOCIATION

The American Dental Association (ADA) moved to dismiss, arguing that Plaintiff's complaint completely fails to articulate any cognizable claim against the ADA. Indeed, Plaintiff makes only one allegation[1] against the ADA in his sprawling complaint, alleging that "[t]he top executive leaders of the [ADA] and American Medical Association failed to respect my international copyrights on both (a) Standard Level of Patient Care and (B) Ethics and are guilty of copyright violations." Complaint, p. 17.

Although Plaintiff makes only this one specific claim against the ADA, he fleshes out his theory of alleged copyright violations throughout his Complaint. For example, under the bullet point, "Clear violation of 'the internationally copyrighted' standard level of patient care," Plaintiff explains that "the 'current generation of patient standard of care' is defined by New Technology Advantage Corporation." Complaint, p.9. (Plaintiff is the CEO of New Technology Advantage and that corporation was an original Plaintiff in this suit.) Moving on to his alleged copyright on "Ethics," he states that "[g]overnment offices and healthcare schools don't even have Ethics defined without violating international copyrights on intellectual property." Complaint, p.15. Finally, Plaintiff states that he seeks the court's help to "spread a consistent BRAND of **(A) Ethics**, and **(B) Standard Level of Patient care** all over the world.…" Complaint, p.24 (emphasis in original). However, what Plaintiff means by this statement is that he wants the court's help to spread *his* "worldwide standards of Ethics and Patient Safety" that he has purportedly

---

[1] Earlier in his complaint, Plaintiff also asserts that "professional organizations (like ADA and AMA) have an ETHICAL DUTY to adequately license and monitor dentists, doctors, and other types of healthcare workers worldwide and in this state." Complaint, p. 8 (emphasis in original). Plaintiff goes on to assert that this "ethical duty" includes "ensuring [bad dentists] are tracked with Geographical Positioning System (GPS) chips and their identities confirmed with fingerprints." *Id.* Even if the court interprets this language so liberally as to construct an allegation that the ADA and the AMA's conduct fell below a standard of care that those organizations legally owe to Plaintiff, any such claims would fail and amendment would be futile because such claims would be secondary to or derivative of the dental malpractice claims against Willamette that have been finally adjudicated on the merits in Willamette's favor. See discussion above.

ORDER
Page - 6

copyrighted. *See* Complaint, p.2.

Moreover, the "BRAND" that Plaintiff wants the court to help him spread is a brand that he has developed and seeks to profit from. For example, Plaintiff complains that President Bush has not issued an executive order " to implement *my* BRAND of Ethics and Patient Safety.…" Complaint, p.17 (emphasis added). Plaintiff also asserts that "the only prudent and wise choice for any top level executive dental leader to *subscribe monthly* to *my* 'Mark' of success in Patient Safety methodologies and Ethics." Complaint, p.10. (emphasis added).

Considering the Complaint as a whole, the inescapable conclusion is that when Plaintiff alleges copyright "violations," he is really complaining that the defendants, including the ADA, have *failed to copy* or adopt his own approach to ethics and patient care standards. In other words, Plaintiff seeks to use copyright law to force the ADA and other defendants to copy his approach to and concept of ethics and patient care standards. Such a cause of action, however, is outside the scope of copyright law—for that matter, it is outside the scope of *any* body of law.

ADA's Motion to Dismiss, Dkt. #18, ably explains the insurmountable deficiencies in Plaintiff's theory of his copyright cause of action. For example, the ADA explains that short words such as "ethics" and short common phrases such as "standard level of patient care" are not copyrightable subject matter. *See* 37 C.F.R. 202.1(a). Furthermore, Plaintiff also may not claim a copyright in any idea, concept, principle, plan, system, or method. *See* 17 U.S.C. § 102(b); 37 C.F.R. 202.1(b). "It is an axiom of copyright law that the protection granted to a copyrighted work extends only to the particular expression of the idea and never to the idea itself." *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.,* 562 F.2d 1157, 1163 (9th Cir. 1977) (citing *Mazer v. Stein,* 347 U.S. 201, 217-18 (1954); *Baker v. Selden,* 101 U.S. 99, 102-03 (1879)). Finally, even if Plaintiff does possess a copyright in some work that incorporates the word "ethics" or the phrase "standard level of patient care," he cannot thereby object to the manner in which others use those same terms.

It would be futile to allow Plaintiff to amend his complaint because this is not a case of mere "inartful pleading." Rather, there is simply no cause of action he could adopt to force the ADA to adopt his interpretations of ethics and patient care standards. The court has treated Plaintiff's *pro se* complaint with the requisite liberality, and to do any more would be to abandon the court's role as an impartial arbiter and

become an advocate for Plaintiff.

For the reasons outlined above, Defendant ADA's Motion to Dismiss is GRANTED and Plaintiff's claims against the ADA are DISMISSED with prejudice.

### AMERICAN MEDICAL ASSOCIATION

The American Medical Association (AMA) moved to dismiss, arguing that Plaintiff has not met his burden of demonstrating that the court may exercise personal jurisdiction over it. And Plaintiff has not, in fact, met this burden. The AMA also argues, correctly, that Plaintiff has failed to state a claim for which relief may be granted. Ordinarily, such arguments would prevail and the claims against the AMA would be dismissed. However, in these circumstances, a court should grant a *pro se* plaintiff leave to amend the complaint to remedy the problems, unless such amendment would be futile. But the AMA does not argue that it would be futile to allow Plaintiff to amend his complaint.

However, in this case, amendment would be futile because the claims asserted against the AMA are exactly the same as the claims asserted against the ADA, discussed above. Therefore, if it would be futile to allow Plaintiff to amend his complaint to fix his claims against the ADA, it would be equally futile to allow him to amend his complaint to fix his claims against the AMA. Accordingly, the claims against the AMA are DISMISSED with prejudice.

### III. CONCLUSION

For the reasons stated above, Defendants Steve Petruzelli and Willamette Dental Group PC's Motion for Summary Judgment, Dkt. #12, is GRANTED and all claims against Steve Petruzelli and Willamette Dental Group PC are hereby DISMISSED. Defendant American Medical Association's Motion to Dismiss, Dkt. #15, is GRANTED and all claims against the American Medical Association are hereby DISMISSED with prejudice. The Motion to Dismiss of "Federal Government-George Bush Jr. [sic]", Dkt. #16, is GRANTED and all claims against that defendant are hereby DISMISSED with prejudice. Defendant American Dental Association's Motion to Dismiss, Dkt. #18, is GRANTED and all claims against the American Dental Association are hereby DISMISSED with prejudice. All pending motions filed

1  by Plaintiff are DENIED as moot.

2  It is so ORDERED.

3  The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any

4  party appearing *pro se* at such party's last known address.

5  DATED this 6th day of July, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE